SIMÓ, APPELLANT, *v.* REGISTRAR OF ARECIBO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Partition of Inheritance.

No. 312.—Decided June 19, 1917.

PARTITION OF INHERITANCE—EXECUTOR—CONJUGAL PARTNERSHIP—LIQUIDATION—SURVIVING SPOUSE—MINOR HEIRS—APPROVAL OF COURT.—When the partition of an estate made by an executor appointed by the testator includes the liquidation of the conjugal partnership and there are minor children, such partition should be joined in by the surviving spouse and the minor children represented by a defensor, and the said partition should be submitted to the court for approval.

The facts are stated in the opinion.
*Mr. Manuel Paz Urdaz* for the appellant.
The respondent appeared *pro se.*
MR. JUSTICE DEL TORO delivered the opinion of the court.
The deed of partition of the hereditary estate of Manuel

Padín Otero, executed by his executor and partitioner, José González Padín, on January 28, 1917, having been presented in the Registry of Property of Arecibo for the purpose of having recorded a certain rural property included therein, the registrar refused to record it "* * * because the deed of partition shows that there were minors interested who were not legally represented and the partition was not approved by the court." From the foregoing decision the present appeal was taken.

An examination of the said partition discloses (1) that the executor and partitioner not only divided the estate of the testator, but in the discharge of his trust had first to liquidate the conjugal partnership composed of the testator and his wife, the appellant herein; (2) that if the minor children of the testator and the appellant were represented at all in the said partition, they were represented by the appellant herself, and (3) that the partition was not submitted to the court for approval.

This being the case, it is obvious that the decision appealed from should be affirmed. We shall simply quote from Manresa who, besides expressing his opinion, summarizes the decisions of the General Directorate of Registries on the subject as follows:

"In many cases, in order to ascertain the individual estate of the deceased which is to be divided, another proceeding must first take place; that is, the liquidation of the conjugal partnership and the division of the property on account of the death of one of the spouses. This special division constitutes a distinct act precedent to the partition of the hereditary estate. The partitioner alone can not make that liquidation and division, but it should be done by the surviving spouse and the heirs of the deceased spouse. At most he could be allowed to intervene in representation of the deceased spouse or his heirs in order to determine, as a prior and necessary act, the property to be subsequently divided among the said heirs.

"The decision of November 12, 1895, which has been frequently cited, holds in substance, as is logical and rational, that the liquidation of the conjugal partnership and the consequent determination of

the separate property of each spouse and of the share of the community property belonging to each are matters *dehors* and superior to the simple authority to make the partition of the testator's estate conferred by article 1057 of the code upon the commissioner or partitioner.

"The Directorate has found it necessary to repeat this doctrine in its decisions of March 14, 1903, and February 26, April 30, May 25 and October 5, 1906. * * *.

"Its decisions of May 25 and October 5, 1906, are even more to the point. In order that the partition made by the commissioner may be valid, it must be made exclusively by him and be limited to the division of the individual estate of the testator. The liquidation of the conjugal partnership not being a part of his trust, when this is made previously not only is the intervention of the surviving spouse indispensable, but also the heirs, if minors, must be represented by a defensor and the partition must be approved by the court.

"In practice this requirement is usually dispensed with when the surviving spouse takes part in the liquidation and consents to the specification of the property not belonging to him, because it is presumed that the partitioner represents and defends in turn the testator's interests. Nevertheless, there is no doubt that the doctrine sustained in the last-cited decision is in strict accord with the law." VII Manresa, Spanish Civil Code, 632.

The decision appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.